**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| RAYMOND RICHARDSON | CIVIL ACTION NO. 02-1831 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| JOHN E. POTTER, POSTMASTER | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a Motion for Summary Judgment filed by the Defendant, John E. Potter, in his official capacity as Postmaster General of the United States of America ("the Post Office"). [Doc. No. 44]. Plaintiff, Raymond Richardson, has sued the Post Office under Title VII of the Civil Rights Act of 1964; the American with Disabilities Act ("ADA"); the Family Medical Leave Act ("FMLA"); the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967 ("ADEA"); and the Fifth Amendment to the United States Constitution. Plaintiff also asserts claims arising under state law, including a breach of contract claim.

Defendant has moved for summary judgment dismissing all of Plaintiff's claims. However, because the Defendant has failed to file sufficient competent summary judgment evidence (i.e., pleadings, depositions, answers to interrogatories, admissions on file, or affidavits) to support its motion, the motion is **DENIED.** See F.R.C.P. Rule 56; see also Davis v. Howard, 561 F.2d 565 (5th Cir. 1977); Gilmore v. Royal Indemnity Co., 240 F.2d

101 (5th Cir. 1957).[1] However, the Defendant may re-file its motion, supported by appropriate admissible evidence, in accordance with this Order.

As an initial matter, it is unclear to the Court exactly what claims the Plaintiff is pursuing. For example, Plaintiff's Memorandum in Opposition seems to indicate that he is not pursuing any claims based on age or race discrimination. [Doc. No. 52 at p. 5] However, Plaintiff's affidavit (which is attached to his Memorandum) states:

> Plaintiff contends that 42 U.S.C. Section 1981 provides a cause of action for individuals who are victims of and who have been discriminated against on the basis of ***race, age and disability in the making of contracts.***

[Doc. No. 52, Richardson aff. p. 3 (emphasis added)]. Accordingly, it is unclear whether Plaintiff is asserting claims based on race and age or based on disability, and if based on disability, under what statute the claim is brought.[2]

Since the record is unclear as to what claims Plaintiff is in fact pursuing, the Court orders the Plaintiff to file a short and concise "Statement of the Issues" which lists or outlines the specific claims which he is asserting in the instant matter. No legal analysis or argument is required beyond a simple list or outline of the specific claims at issue. Plaintiff's "Statement of the Issues" is to be filed on or before **Friday, March 24, 2006.** Once Plaintiff has filed his "Statement of the Issues," the Defendant will have 30 days thereafter to file any dispositive motions he deems appropriate.

Therefore:

---

[1] While the deposition excerpts and discovery responses submitted are competent evidence under FRCP 56, the large number of documentary exhibits which were submitted without any accompanying affidavits are not.

[2] The Court notes that, contrary to Plaintiff's contention, Section 1981 only applies to **race** discrimination, not age or disability discrimination.

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Defendant [Doc. No. 44] be **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff file a "Statement of the Issues" which lists or outlines the specific claims being asserted in the instant matter on or before **Friday, March 24, 2006.**

**IT IS FURTHER ORDERED** that Defendant will have 30 days from the filing of Plaintiff's "Statement of the Issues" to file any dispositive motions he deems appropriate.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 2nd day of March, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE