**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RAYMOND RICHARDSON | CIVIL ACTION NO. 02-1831 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| JOHN E. POTTER, POSTMASTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by the Defendant, John E. Potter, in his official capacity as Postmaster General of the United States of America ("the Postal Service"). [Doc. No. 77]. Plaintiff, Raymond Richardson ("Richardson"), has sued the Postal Service under various statutory schemes for alleged employment discrimination. The Postal Service moves for summary judgment dismissing all of Richardson's claims. Richardson opposes the motion. For the reasons which follow, the Court finds that there are no genuine issues as to any fact material to the motion, and the Postal Service is entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

**A.     Plaintiff's Employment and Medical Leave.**

Richardson has been employed by the Postal Service as a mail handler at the Processing and Distribution Center in Shreveport, Louisiana since 1985. [Doc. No. 1 at ¶ 9]. Richardson suffered a stroke on January 13, 1997. [Id. at ¶ 18]. A few months later, his doctors, Dr. Nguyen and Dr. Abdehou, each completed a "request for a light duty assignment" on his behalf. [Doc. 77-3 (Aff. of Martha Reyenga[1] & exhibits thereto)].

---

[1]Martha Reyenga is the Plant Manager and was Richardson's supervisor.

Although each request indicated somewhat different restrictions, both documents stated that Richardson could return to work on April 3, 1997. [Id., Ex. 1] Reyenga notified Richardson on April 4, 1997 that the discrepancies between the physical limitations noted on the two requests would need to be resolved before he could return to work on light duty. [Id., Ex. 2]. Both doctors completed new requests which both indicated that Richardson had no lifting restrictions but that he had difficulty with speech and comprehension. [Id., Ex. 3] One of the doctors noted that he had diagnosed Richardson as having aphasia. [Id., Ex. 3; Doc. 77-7 (Richardson depo.) at p. 43]. After receiving the updated requests for light duty, on April 30, 1997, Reyenga ordered a fitness-for-duty exam ("FFD") for Richardson. [Doc. 77-3, Ex. 4].

On May 29, 1997, an FFD was conducted by Dr. Alleman, who examined Richardson and reviewed his job description. [Doc. 77-4 (Aff. of Anthony Bouligny, M.D., and exhibit thereto)]. Based on the FFD, it was recommended that Richardson not lift over 50 pounds and not operate or be around heavy or moving equipment, all of which was required under the job description for a mail handler. [Id.]

Based on the two requests submitted by Richardson's doctors and the FFD, Reyenga notified Richardson on July 17, 1997 that his request for light duty was being denied: "All examinations still indicate that you have difficulty with comprehension/understanding. This may present a safety problem in our work environment." [Doc. 77-3, Ex. 5].

The Postal Service scheduled another FFD to take place on December 19, 1997. [Id.; Doc. 77-5 (Aff. of Alzee Carlini, Registered Nurse, and exhibit thereto)]. Upon receipt of the second FFD report and additional medical documentation from Richardson's

doctors, Richardson was notified to report back to work on January 2, 1998. [Doc. 77-3, Ex. 7]. He continues to work for the Postal Service today.

**B.     Plaintiff's Disability Complaints.**

After Reyenga ordered the first FFD (but before it had been conducted), Richardson initiated pre-complaint counseling with Equal Employment Opportunity Services. [Doc. 77-6 (Aff. of Joseph Hopkins, EEO Services Analyst)]. Richardson complained that he was being discriminated against based on a disability. [Id.] He also filed a complaint with the Merit Systems Protection Board ("MSPB") on July 11, 1997, citing discrimination due to physical disability. [Id., Ex. 2]. He then filed an EEO complaint on July 16, 1997, alleging discrimination based on race (black), sex (male), religion (Baptist), national origin (American), age (48) and disability (stroke). [Id., Ex. 3]. As to Richardson's complaint to the MSPB, an Administrative Judge ultimately issued a decision that the Postal Service had improperly placed him on enforced leave from December 18, 1997 through January 1, 1998 and ordered back pay for that two week period. [Id.]

**C.     Plaintiff's Lawsuit.**

Richardson filed the instant lawsuit on August 26, 2002, complaining of discrimination based on disability, hostile work environment, retaliation, interference with FMLA leave, violations of procedural due process, and breach of contract. [Doc. No. 1] The Postal Services' original motion for summary judgment [Doc. No. 44] was denied by this Court due to the lack of competent summary judgment evidence as defined by FRCP 56 and due to the Court's own confusion as to Richardson's claims. Accordingly, the Court ordered Richardson to file a "Statement of Issues" which outlined the specific claims he is asserting in the instant matter. [Doc. No. 71].

Richardson's responsive filing, entitled a "Statement of Material Facts at Issue" [Doc. No. 72], did little to shed light on his claims. Accordingly, the Court again ordered him to outline the specific claims being asserted. [Doc. No. 73]. The Court was able to decipher from Plaintiff's "Amended Statement of Material Fact at Issue" [Doc. No. 74] that he was asserting claims for race discrimination under Title VII, disability discrimination under the Rehabilitation Act, and due process under the Fifth Amendment.[2] Accordingly, those are the only claims at issue before the Court.

### LAW AND ANALYSIS

**A.      Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the

---

[2]Although Richardson also claims to be making claims for "generally protected constitutional rights" [Doc. 74 at pp. 2-3], the "rights" he enumerates all emanate from a collective bargaining agreement ("CBA") between the National Postal Mail Handlers Union and the Postal Service. He also claims to be making a "tortious interference with contract" claim based on that agreement. Any unfair labor practice claims emanating from the CBA fall within the exclusive province of the National Labor Relations Board and this Court is without jurisdiction to entertain them, regardless of whether they are styled as constitutional claims, tort claims or otherwise.

nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.      Law Applicable to Employment Discrimination Claims.[3]**

The Fifth Circuit applies a modified McDonnell Douglas burden-shifting framework to analyze intentional discrimination claims. A plaintiff must first establish a *prima facie* claim of discrimination. The defendant employer must then articulate a legitimate, non-discriminatory reason for its decision. Once done, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive analysis).'" Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004)(citations omitted).

**C.      Plaintiff's Race Discrimination Claim.**

   *1.      Prima Facie Claim.*

To make a prima facie case of racial discrimination, Richardson must show he "(1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) that others similarly situated were treated more favorably." Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir.2001)(internal quotation omitted). To satisfy that burden, Richardson must proffer

---

[3]The Postal Service argues that Richardson's EEO claims are not timely, since he initially elected to pursue his remedies via the MSPB instead. However, in light of the instant ruling on the merits of Richardson's claims, the Court need not address the timeliness issue.

evidence that a similarly situated white employee was not subjected to the adverse employment action. Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir.2005).

Richardson had letters from two of his doctors stating that he had difficulty with speech and comprehension. He also had a FFD which concluded that he should not lift over 50 pounds and should not operate or be around heavy equipment, both of which were required for his job. Since Richard has failed to submit any competent summary judgment evidence of a white employee under nearly identical circumstances who was allowed to return to work on a light duty assignment, he has failed to state a *prima facie* claim of racial discrimination.[4]

### 2. *Legitimate, Non-discriminatory Reason.*

The Court finds that Richardson has failed to establish a *prima facie* claim of discrimination based on race. However, even if Richardson could establish a *prima facie* claim, summary judgment would still be proper as he has failed to submit any competent summary judgment evidence that the legitimate, non-discriminatory reasons offered by the Postal Service were false, or were a pretext for illegal discrimination.

The Postal Service offered evidence that it denied Richardson's request to return to duty in a light duty assignment based on the two requests submitted by his doctors and

---

[4]Although Richardson attaches documentary exhibits to his affidavit, those documents are not competent summary judgment evidence. See FRCP 56. The only part of his affidavit which is based on personal knowledge is Paragraph 1. [Doc. No. 79-3]. The remainder of the "affidavit" is mere argument. Merely stapling documents to an affidavit does not render them admissible. Even if the documents attached to the "affidavit" were competent evidence, they do not support Richardson's case. "Plaintiff's Exhibit 1" (concerning John Taylor) states that Taylor had lumbar disc disease. If so, then his circumstances were not "nearly identical." In sum, even if these documents were admissible, there is nothing in the documents which establishes that a similarly-situated white employee was treated more favorably. Richardson's argument that his "EEO investigative file" would establish a *prima facie* case and is being wrongfully withheld from him is insufficient to defeat the instant motion for summary judgment. [Doc. 79-2 at ¶¶ 2, 4]. If additional discovery were required, Richardson should have availed himself of the discovery devices delineated in the Federal Rules of Civil Procedure to obtain it.

the FFD: "All examinations still indicate that you have difficulty with comprehension/understanding. This may present a safety problem in our work environment." [Doc. 77-3, Ex. 5]. Richardson has failed to present any competent summary judgment evidence to show that these stated reasons were false or that the real reason was his race.[5] It is not enough for Richardson to create a factual issue as to whether the Post Office's decision was wrong or mistaken, because the legal issue is whether it acted with discriminatory animus.

Viewing the facts in a light most favorable to Richardson, the Court finds that summary judgment dismissing his discrimination claim based on race is proper as a matter of fact and law.[6]

---

[5]Although Richardson generally "disputes the truth" of the Postal Service's Statement of Undisputed Facts [see Doc. No. 79-2 at No. 1], he has failed to refer to any competent summary judgment evidence contained in the record which calls those facts into dispute. As the Fifth Circuit noted in Malacara v. Garber, 353 F.3d 393 (5th Cir. 2003):

> When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir.1998); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 916 (5th Cir.1992), cert. denied, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas, 136 F.3d at 458; Stults, 76 F.3d at 657; Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); Skotak, 953 F.2d at 916 n. 7; see also Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); cf. U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Id. at 405.

[6]It is unclear to the Court whether Richardson is attempting to state a claim for a racially-based hostile work environment. However, the Court finds that Richardson has failed to submit any evidence which would support such a claim.

**D. Plaintiff's Disability Discrimination Claim.**

***1. Prima Facie Claim.***

To qualify for relief under the Rehabilitation Act, 29 C.F.R. § 1630.2(g), a plaintiff must show that he: 1) is disabled; 2) is otherwise qualified to perform the functions of the job; 3) is a federal employee or worked for a program receiving federal financial assistance; and 4) was discriminated against solely by reason of his disability. Heileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997). Accordingly, whether Richardson was "disabled" is a threshold question.

***a) A physical or mental impairment which substantially limits one or more major life activities.***

To qualify as disabled, a plaintiff must initially prove that he has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. §12102(2)(A). A "major life activity" includes such functions as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2. "Substantially limited" means "[unable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j).

In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of or

resulting from the impairment. 29 C.F.R. §1630.2(j)(2). See also Toyota Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed. 2d 615 (2002).

Richardson has failed to submit any competent summary judgment evidence that his alleged impairments substantially limited any major life activities. Likewise, he failed to submit competent evidence that he had a *record* of such substantial limitation. Accordingly, he has failed to establish that he was "disabled" under either of the first two prongs of the definition.

### b) *Regarded as having such an impairment.*

An individual can also meet the definition of disabled if he has an impairment that is not substantially limiting, but the employer *perceives* the impairment as being substantially limiting. 29 C.F.R. § 1630.2. An employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes that he is incapable of performing a particular job; the statutory reference to a substantial limitation indicates instead that an employer regards an employee as substantially limited in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved. Ellison v. Software Spectrum, Inc., 85 F.3d 187, 192 (5th Cir.1996); see also 29 C.F.R. § 1630.2(j)(3)(I).

After thoroughly and carefully reviewing the entire record, we find no evidence that the Postal Service perceived or treated Richardson's condition as being substantially limiting as defined under the Rehabilitation Act and/or ADA. Indeed, "an employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish *per se* that the employer regards the employee as having a substantial limitation on his ability to work in general." Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 807 n.10 (5th Cir. 1997)(*quoting* Chandler v. City of Dallas, 2 F.3d 1385 (5th Cir.1993) *and*

*citing* Forrisi v. Bowen, 794 F.2d 931 (4th Cir.1986)(holding that an employer did not regard the employee as handicapped simply because it found that he could not meet the demands of a particular job)). See also Dupre v. Charter Behavioral Health Systems of Lafayette, Inc., 242 F.3d 610 (5th Cir. 2001)(evidence that employer knew that employee had some kind of back impairment and doubted her ability to perform a particular job was not sufficient to establish that the employer regarded her as "disabled"). Since Richardson has failed to show that he was regarded by the Post Office as being disabled, he has failed to establish that he was "disabled" under the third prong of the definition. Accordingly, he fails to state even a *prima facie* claim of disability discrimination and summary judgment as to his claims is proper as a of fact and law.

### 2.   *Legitimate, Nondiscriminatory Reason.*

As shown above, Richardson has failed to establish even a *prima facie* claim of disability discrimination because he cannot show that he was disabled. However, even if he could establish a *prima facie* claim, the Post Office has articulated legitimate, nondiscriminatory reasons for its denial of his request to return to work on a light duty assignment: concern for safety problems in the work environment based on the two requests submitted by Richardson's doctors and the FFD. [Doc. 77-3, Ex. 5]. Richardson has failed to present any competent summary judgment evidence that undermines the legitimacy of this explanation. Accordingly, even if Richardson could show that he was disabled, he could not show that the complained of actions were based solely on that disability. Accordingly, he fails to state a claim under the Rehabilitation Act as a matter of law.[7]

---

[7]Although Richardson's "Amended Statement of Material Fact at Issue" [Doc. No. 74] abandons his age discrimination and FMLA interference claims, those claims would fail for the same reasons that his racial discrimination and disability discrimination claims fail.

### D. Plaintiff's Due Process Claim.

Richardson also attempts to assert various Constitutional claims. His "Amended Statement of Material Fact at Issue" [Doc. No. 74] states:

> The acts of the defendant were wilful and intentionally (sic) to "deprive of life, liberty, property, without due process of law and without just compensation, violating plaintiff's protected constitutional rights" under the 5th Amendment to the U.S. Constitution *where it is written*, "prohibits (sic) the federal government from depriving any person of life, liberty or property without due process of law; and prohibits the taking of **private property** for public use **without just compensation**."

[Id. at pp. 3-4; emphasis in the original].

The Postal Service argues that to the extent any constitutional claims arise out of federal employment already governed by comprehensive procedural and remedial schemes (such as Title VII and Rehabilitation Act), it is inappropriate to provide a non-statutory damage remedy. [Doc. No. 77-2 at pp. 14-15 (*citing* Bush v. Lucas, 462 U.S. 367, 388-90 (1983); Schweicker v. Chilicky, 487 U.S. 412 (1988); Pipkin v. USPS, 951 F.2d 272, 275 (10th Cir 1991); and Petrini v. Howard, 918 F.2d 1482, 1484 (10th Cir. 1990))]. Because there are already comprehensive procedural and remedial schemes available to postal employees under Title VII and Rehabilitation Act (as well as the Civil Service Reform Act and the Postal Reorganization Act), the Postal Service argues (with ample citation to legal authority) that Richardson's claims for violation of procedural due process should be denied.

Richardson's opposition brief fails to even remotely address the well founded legal arguments asserted in the Postal Service's memorandum. Instead, Richardson's "affidavit" simply asserts that there are genuine issues of material fact concerning his "Constitutional guarantees of due process and deprivation of property." [Doc. 79-3 at p.2].

Even assuming *arguendo* that Richardson was entitled to due process as a federal employee, he has failed to show that he was denied such process.  Indeed, his appeal via the MSPB resulted in a finding that the Postal Service had improperly placed him on forced leave from December 18, 1997 through January 1, 1998 and resulted in a back pay award for that two week period.  Under the circumstances, Richardson has failed to show he was deprived of any property without any process which may have been due.  Accordingly, summary judgment on his Fifth Amendment claim is proper as a matter of fact and law.

### III.  CONCLUSION

The Court finds that Plaintiff has not provided sufficient evidence to survive summary judgment.  There are no genuine issues as to any material fact.  Plaintiff has not established his claims for racial discrimination, disability discrimination or procedural due process.  Although abandoned by Plaintiff in his Amended Statement of Material Facts at Issue [Doc. No. 74], he likewise failed to establish a claim for age discrimination or FMLA interference.  This Court is without jurisdiction to entertain any claims based on the collective bargaining agreement between the Postal Service and the Postal Union. Based on the foregoing, the Court finds that summary judgment in favor of John E. Potter, in his official capacity as Postmaster General of the United States of America, is proper as a matter of fact and law.

Therefore:

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Defendant, John E. Potter, in his official capacity as Postmaster General of the  United  States of America, [Doc. No. 77] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE